IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AKEEM MUHAMMAD,

    Plaintiff,

vs.                                                  Case No: 4:14-cv-379-MW-GRJ

MICHAEL D CREWS, et al.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Judgment on the Pleadings with Respect to Claims against Defendants in their Official Capacities, Doc. 113. Plaintiff has responded in opposition to the motion, Doc. 125, and the motion is now ripe for consideration.

In the instant motion, Defendants request that the Court dismiss the official capacity claims against all Defendants except for the current Secretary of the Florida Department of Corrections, Julie L. Jones.  In support of their motion, Defendants argue that maintaining official capacity claims as to the other Defendants is redundant, and the docket will become unnecessarily crowded by substitution of the new official capacity parties.  Plaintiff represents that he opposes the motion and states that maintaining official capacity claims against each defendant is not redundant because "each defendant plays an individual role in denying Plaintiff a diet that doesn't violate Orthodox Islamic dietary laws..."

A motion under Fed. R. Civ. P. 12 (c), or a motion for judgment on the pleadings, is appropriate when the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *Mergens v. Druyfoos*, 166 F.3d 1114 (11th Cir. 1999.)  The facts presented in the pleadings must be drawn in the light most favorable to the nonmoving party. *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996)(citing *Swerdloff v. Miami Nat'l Bank*, 584 F.2d 54, 57 (5th Cir. 1978)).

An "official capacity claim" is a suit against the office, not the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  When an official sued in his official capacity leaves office or dies, his successor automatically assumes his role in the litigation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  To the extent that Plaintiff maintains an official capacity claim against each Defendant, this claim is actually one against the Florida Department of Corrections, and not against the individual Defendant.  Thus, Defendants are correct that maintaining official capacity claims against all Defendants other than the Secretary of the Florida Department of Corrections is redundant.  While Plaintiff contends that the official capacity claims are not redundant because each Defendant played a role in depriving him of a diet that violates Orthodox Islamic dietary laws, Plaintiff's claims against the Defendants are actually individual capacity claims.  Thus, none of the individual claims against Defendants are subject to dismissed at this time.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendants' Motion for Judgment on the Pleadings with Respect to Claims against Defendants in their Official Capacities, Doc. 113, should be **GRANTED.**

   2.   All official capacity claims against Defendants Crews, Upchurch, Taylor, Bailey, Henkle, Campbell, Tallent, Andrews, Cannon, Creamer, Dew, and Fuhrman should be dismissed. Plaintiff's official capacity claim against Julie Jones, as Secretary of the Florida Department of Corrections should remain.

   **IN CHAMBERS** this 18th day of May 2015.


   *s/Gary R. Jones*
   GARY R. JONES
   United States Magistrate Judge


### NOTICE TO THE PARTIES

   Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.